IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **KENTRAYLE JOHNSON, #1477906,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:08-CV-0173-B |
| ) | |
| **NATHANIEL QUARTERMAN, Director,** ) | |
| **Texas Department of Criminal Justice,** ) | |
| **Correctional Institutions Division,** ) | |
| Respondent. ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for habeas corpus relief brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: At the time of filing this action, Petitioner was incarcerated at the Dallas County Jail. He is currently confined at the Holliday Unit, of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID), in Huntsville, Texas. Respondent is the Director of TDCJ-CID. The Court has not issued process in this case, pending preliminary screening.

Statement of the Case: On December 17, 2007, Petitioner pled guilty to injury to a child in Dallas County Criminal Court # 4, in Cause No. F06-87488. Punishment was assessed at 25 years imprisonment. Petitioner did not appeal.

On January 31, 2008, Petitioner filed in this Court a habeas petition on the form for filing a state habeas application pursuant to art. 11.07. In three grounds, he alleged he received ineffective assistance of counsel, the evidence was insufficient, and his civil rights were violated. (Pet. at p. 6, 8 and 10).

On February 7, 2008, this Court advised Petitioner that the habeas corpus petition had been submitted on the form for filing a *state* habeas corpus application pursuant to art. 11.07, Texas Code of Criminal Procedure, instead of the *federal* habeas form. The Court then ordered Petitioner to notify the Court whether he intended to file a habeas petition in state court, or whether it was properly submitted to the federal court. (*See* Notice of Deficiency and Order).

On March 6, 2008, Petitioner filed a petition on the federal habeas corpus form, which this Court construed as an intent to proceed with this federal habeas action. At page three of the federal habeas form, Petitioner states that he has filed only one prior petition/application since his judgment of conviction -- namely the January 31, 2008, state habeas petition submitted to the federal court.[1]

Findings and Conclusions: This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which provides in pertinent part that a state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his claims. 28 U.S.C. § 2254(b) and (c) (West 2007); *Rhines v. Weber*, 544 U.S. 269, 274 (2005).

---

[1] The above statement confirms that Petitioner may have intended to file a state habeas application pursuant to art. 11.07 with the state convicting court, and that it was inadvertently mailed to the federal court instead of the state court. The Dallas County District Court website confirms that Petitioner has yet to file an art. 11.07 application with the state convicting court.

The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *see also Rhines*, 544 U.S. at 274. Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.07. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

A review of the pleadings in this case reflects that Petitioner has not satisfied the exhaustion requirement. It appears that he did not appeal his conviction. Moreover, it appears that he intended to file a state art. 11.07 writ, and that it was inadvertently mailed to the federal court instead of the state court. The Texas Court of Criminal Appeals has, thus, not had an opportunity to consider the claims which Petitioner raises in this action. Therefore, the petition for a writ of habeas corpus should be dismissed without prejudice for failure to exhaust state court remedies.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED without prejudice for failure to exhaust state court remedies, *see* 28 U.S.C. § 2254(b) and (c).[2]

The Clerk shall REMOVE Charlotte Terry as a "notice recipient." A copy of this recommendation will be MAILED to Petitioner at the Holliday Unit of TDCJ-CID.

Signed this 11th day of March, 2008.

*/s/ Wm. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[2] The Court cautions Petitioner that the 1996 amendment to the habeas corpus statute imposes a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this and any subsequent petition that Petitioner may file in this court.